# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv119

| | |
|---|---|
| NORTH AMERICAN ROOFING SERVICES, INC. and CARLISLE CONSTRUCTION MATERIALS INCORPORATED, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| BPP RETAIL PROPERTIES, LLC, | ) |
| Defendant. | ) |

Pending before the Court are Defendant's Motions to Dismiss [# 5 & # 7]. Plaintiffs brought this action in Buncombe County Superior Court for a declaratory judgment pursuant to the North Carolina Declaratory Judgment Act. Specifically, Plaintiffs seek a judgment that they are not obligated to replace the entire roof for six properties located in Puerto Rico and are not subject to consequential damages stemming from roof leaks caused by a failure in the membrane covering the roofs of the six buildings. Defendant removed the action to this Court on the basis of diversity jurisdiction. Subsequently, Defendant moved to dismiss Plaintiff Carlisle Construction Materials Incorporated ("Carlisle") and to either dismiss this action in its entirety or transfer it to the United States District Court for the District of Puerto

Rico.  The Court **RECOMMENDS** that the District Court decline to exercise its discretion to hear this case and dismiss this action without prejudice.

I.	Background

Plaintiff North American Roofing Services, Inc. ("North American Roofing") is a North Carolina company that provides and installs roofing systems for customers.  (Pl.'s Compl. ¶¶ 1, 7.)  Plaintiff North American Roofing entered into construction contracts to install roofs that incorporate a Reinforced Mechanically Attached Thermoplastic Polyolefin Laser Weld Roofing System ("TPO Membrane") on six building in Puerto Rico.  (Id. ¶ 7-8.)  Some of the TPO Membranes installed by Plaintiff North American Roofing were manufactured by Plaintiff Carlisle.  (Id. ¶ 10.)  Defendant is the current owner of the six properties at issue.  (Id. ¶ 6.)

Defendant contends that the TPO Membrane is breaking down prematurely and, thus, the roofs on the six buildings are leaking.  (Id. ¶¶ 9, 11, 16.)  Defendant has demanded that Plaintiff North American Roofing replace the entire roofs on the six properties and compensate Defendant for all consequential damages caused by the leaks in the roof.  (Id. ¶¶ 13, 16.)   As a result, Plaintiffs filed a declaratory judgment action on March 27, 2013, in the Buncombe County Superior Court.  Defendant subsequently removed the action to this Court based on diversity

jurisdiction.

Plaintiffs' Complaint seeks a declaration that Defendant is prohibited from repairing and/or replacing the roofs until Plaintiff North American Roofing can inspect and investigate the cause and extent of any damage, that Plaintiff North American Roofing be permitted to repair the failing portions of the roof, and that Plaintiff North American Roofing is not obligated to reimburse Defendant for the costs of replacing the roofs or for consequential damages. Plaintiffs contend that six warranties allegedly entered into between Defendant and Plaintiff North American Roofing limit the damages Defendant may seek as a result of any leaks in the roof and constitute the sole legal remedy against it. These warranties also contain a North Carolina choice of law provision and a forum selection clause specifying that any litigation concerning the warranty be litigated in either the Superior Court of Buncombe County or the United States District Court for the Western District of North Carolina.

Meanwhile, Defendant brought an action against Plaintiffs and third party Carlisle Syntec Incorporated in the United States District Court for the District of Puerto Rico. Defendant filed the Puerto Rico action the day after Plaintiffs brought this action for declaratory judgment. Defendant asserts claims for negligence and breach of contract against Plaintiff North American Roofing

relating to the installation of the TPO Membrane and a products liability claim against Plaintiffs and Carlisle Syntec Incorporated.

Subsequently, Defendant filed two Motions to Dismiss in this case. Defendant's motions are now properly before this Court for a Memorandum and Recommendation to the District Court.

**II.   Analysis**

The North Carolina Declaratory Judgment Act provides that "[a]ny person interested under . . . a written contract . . . or whose rights, status or other legal relations are affected by a  . . . contract . . . may have determined any question of construction of validity arising under  . . . the contract and obtain a declaration of rights, status, or other legal relations thereunder." N.C. Gen. Stat. § 1-254. Section 1-257, however, explicitly grants courts the discretion to decline a party's request for declaratory relief. N.C. Gen. Stat. § 1-257; Augur v. Augur, 573 S.E. 2d 125, 129 (N.C. 2002) ("Thus, while federal courts have construed the federal act to allow trial courts to grant or decline declaratory relief in their discretion, the NCUDJA has explicitly accorded this discretion to our trial courts.").    A court may decline a request for declaratory relief where: "(1) the requested declaration will serve no useful purpose in clarifying or settling the legal relations at issue; or (2) the requested declaration will not terminate or afford relief from the

uncertainty, insecurity, or controversy giving ride to the proceedings." Augur, 573 S.E.2d at 130.

In considering these two principles, the Court should consider whether the declaratory judgment will settle the entire underlying controversy because declaratory relief should not be used "'to try a controversy by piecemeal, or to try particular issued without settling the entire controversy.'" Coca-Cola Bottling Co. Consol. v. Durham Coca-Cola Bottling Co., 541 S.E.2d 157,163 (N.C. Ct. App. 2000) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)). "This is especially so where a separate suit has been filed, or is likely to be filed, that will more fully encompass the scope of the entire controversy." Coca-Cola Bottling, 541 S.E.2d at 163. Judicial economy and efficiency favor proceedings that will settle all of the issues in an underlying controversy. Id.

As the North Carolina Court of Appeals has also explained:

> These principles also call for consideration of the usefulness of a declaratory suit in light of the surrounding circumstances. A declaratory proceeding can serve a useful purpose where the plaintiff seeks to clarify its legal rights in order to prevent the accrual of damages, or seeks to litigate a controversy where the real plaintiff in the controversy has either failed to file suit, or has delayed in filing. However, a declaratory suit should not be used as a device for "procedural fencing." See Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir.1994). A defendant in a pending lawsuit should not be permitted to bring a declaratory suit involving overlapping issues in a different jurisdiction as a strategic means of obtaining a more preferable forum. See BASF Corp. v. Symington,

> 50 F.3d 555, 559 (8th Cir.1995). Otherwise, the natural plaintiff in the underlying controversy would be deprived of its right to choose the forum and time of suit. See id. Furthermore, it is inappropriate for a potential tortfeasor to bring a declaratory suit against an injured party for the sole purpose of compelling the injured party "to litigate [its] claims at a time and in a forum chosen by the alleged tortfeasor." Cunningham Bros., Inc. v. Bail, 407 F.2d 1165, 1167 (7th Cir.), *cert. denied*, 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969).
>
> We also note that in situations in which two suits involving overlapping issues are pending in separate jurisdictions, priority should not necessarily be given to a declaratory suit simply because it was filed earlier. Rather, if the plaintiff in the declaratory suit was on notice at the time of filing that the defendant was planning to file suit, a court should look beyond the filing dates to determine whether the declaratory suit is merely a strategic maneuver to achieve a preferable forum. See Poston, 88 F.3d at 258 ("[A]lthough the federal action was filed first, we decline to place undue significance on the race to the courthouse door, particularly in this instance where [the plaintiff] had constructive notice of [the defendant's] intent to sue."); Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 602 (5th Cir.1983) (holding that plaintiff should not be permitted to gain precedence in time and forum by filing a declaratory action which is merely anticipatory of a parallel state action).

Id. at 164; see also Poole v. Bahamas Sales Accoc., LLC, 705 S.E.2d 13, 18-19 (N.C. Ct. App. 2011).

The Court finds that the District Court should decline to exercise its discretion and hear this declaratory judgment action. Plaintiffs, as potential tortfeasors, brought this declaratory judgment action against Defendant, the injured party, in an attempt to preempt a lawsuit by a traditional plaintiff and choose the time and place of the legal proceedings. See Klingspor Abrasives, Inc. v.

Woolsey, 5:08CV-152, 2009 WL 2397088, at *4 (W.D.N.C. Jul. 29, 2009) (Voorhees, J.) ("A declaratory suit such as this cannot be sued to deprive . . . the natural plaintiff in this controversy, the right to choose the time and forum to settle the matter. Such suits will not be condoned.") This is not a situation where the natural plaintiff in the dispute failed to initiate litigation or significantly delayed in doing so. In fact, Defendant brought an action against Plaintiffs the very day after Plaintiffs filed their declaratory judgment action in this Court. Plaintiffs may not use the North Carolina Declaratory Judgment Act as a means of racing Defendant to the courthouse of Plaintiffs' choosing. See Coca-Cola Bottling, 541 S.E.2d at 164; Poole, 705 S.E.2d at 18; Woolsey, 2009 WL 2397088, at * 4.

The fact that the warranties include a choice of forum provision does not dictate a different result. The timing of the lawsuit should generally be left to the injured party, not the potential tortfeasor. See Coca-Cola Bottling, 541 S.E.2d at 164. Moreover, the United States District Court for the District of Puerto Rico is more than capable of determining for itself whether the warranties limit the legal remedies sought by Defendant and/or whether the warranties require that the entire case be transferred to this Court. The United States District Court for the District of Puerto Rico is also in the best situation to determine whether the breach of contract claim and tort claim asserted by Defendant against Plaintiff North

American Roofing are subject to the limitations in the warranties and to determine the appropriate course of action.

Finally, resolving the declaratory judgment action would not resolve the entire underlying controversy. Defendant asserts products liability claims against the manufacturer of the TPO Membrane installed on the six buildings in the Puerto Rico action. A declaratory judgment issued by this Court addressing the rights and legal obligations of Defendant and Plaintiff North American Roofing under the terms of the warranties would not address these product liability claims. In fact, one of the defendants in the Puerto Rico action, Carlisle Syntec Incorporated, is not even a party to this action. Although the warranties, if found to be valid, may limit the legal remedies against Plaintiff North American Roofing on the claims stemming from the installation of the TPO Membrane, the same cannot be said as to Plaintiff Carlisle and third party Carlisle Syntec Incorporated. This Court will not try this case piecemeal as a declaratory judgment action addressing the rights and obligations of Plaintiff North American Roofing and Defendant under the terms of the warranties while a parallel proceeding on the underlying torts proceeds in federal court in Puerto Rico. Judicial economy and efficiency require that this Court exercise its discretion and decline to issue a declaratory judgment in this case. Accordingly, the Court **RECOMMENDS t**hat the District Court **DENY**

**as moot** the Motions to Dismiss [# 5 & # 7] and **DISMISS** this case **without prejudice**.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **DENY as moot** the Motions to Dismiss [# 5 & # 7] and dismiss this case without prejudice.

Signed: October 29, 2013

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).