# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:13-cv-000119-MR-DLH

| | | |
|---|---|---|
| NORTH AMERICAN ROOFING SERVICES, INC. and CARLISLE CONSTRUCTION MATERIALS INCORPORATED, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | **O R D E R** |
| vs. | ) ) | |
| BPP RETAIL PROPERTIES, LLC , | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**THIS MATTER** is before the Court for resolution of the Defendant's Motions to Dismiss [Docs. 5, 7]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of such Motions [Doc. 34]; the Plaintiffs' Objections to the Findings of Fact, Conclusions of Law, and Recommendation [Doc. 35]; and the Defendant's Response in Opposition to Plaintiff's Objections to the Memorandum and Recommendation [Doc. 36].

## I.   PROCEDURAL BACKGROUND

The Plaintiffs North American Roofing Services, Inc. ("North American") and Carlisle Construction Materials Incorporated ("Carlisle")

(collectively "Plaintiffs") brought this action on March 27, 2013 in Buncombe County Superior Court against the Defendant BPP Retail Properties, LLC ("BPP"), seeking a declaratory judgment that they are not obligated to replace the roofs of six properties located in Puerto Rico and are not subject to consequential damages stemming from roof leaks caused by a failure in the membrane covering the roofs of the six buildings. [Doc. 1-1]. The Plaintiffs further contend that six warranty agreements entered into between BPP and North American limit the damages that BPP may seek as a result of any leaks in the roof and constitute as BPP's sole legal remedy against North American. [Id.]. On April 25, 2013, BPP removed this action to this Court based on diversity jurisdiction. [Doc. 1].

BPP filed suit against the Plaintiffs and third party Carlisle Syntec Incorporated ("Carlisle Syntec") in the United States District Court for the District of Puerto Rico the day after the Plaintiffs brought their state court action. BPP asserted claims for negligence and breach of contract against North American and a products liability claim against the Plaintiffs and Carlisle Syntec. On May 6, 2013, BPP moved to dismiss Carlisle as a Plaintiff in this action and to either dismiss this action in its entirety or transfer it to the United States District Court for the District of Puerto Rico. [Docs. 5-8].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendant's motions and to submit a recommendation regarding their disposition. On October 29, 2013, the Magistrate Judge entered a Memorandum and Recommendation in which he recommended that the Court should exercise its discretion and decline to issue a declaratory judgment in this case. [Doc. 34]. The Plaintiffs timely filed objections [Doc. 35], to which BPP has responded [Doc. 36].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge

to which no objections have been raised.  <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985).  Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982).

## III.    DISCUSSION

The Plaintiffs commenced this action relying on the North Carolina Declaratory Judgment Act, which gives courts discretion in granting declaratory relief.    N.C. Gen. Stat. § 1-257.    The Court may deny declaratory relief where: "(1) the requested declaration will serve no useful purpose in clarifying or settling the legal relations at issue; or (2) the requested declaration will not terminate or afford relief from the uncertainty, insecurity, or controversy giving rise to the proceeding."  <u>Augur v. Augur</u>, 356 N.C. 582, 588-89, 573 S.E.2d 125, 130 (2002).

As the Magistrate Judge aptly noted, judicial economy and efficiency favor proceedings that will settle all of the issues in an underlying controversy.  <u>Coca-Cola Bottling Co. Consol. v. Durham Coca-Cola Bottling Co.</u>, 141 N.C. App. 569, 577, 541 S.E.2d 157, 163 (2000).  Declaratory relief is particularly disfavored where "a separate suit has been filed, or is

likely to be filed, that will more fully encompass the scope of the entire controversy." Id., 541 S.E.2d at 163.

First, the Plaintiffs argue that the Magistrate Judge erred in determining that the entire case and controversy between the parties will not be settled by this declaratory judgment action. [Doc. 35 at 4]. The Plaintiffs claim that the "piecemeal" litigation in this dispute springs from BPP's failure to abide by the forum selection clause, BPP's "attempt to improperly ignore the NARCO Warranties," and BPP's filing of "unsubstantiated and untenable tort and contract claims." [Id. at 4]. Further, the Plaintiffs give numerous arguments regarding why they believe that BPP's claims will fail as a matter of law. [Doc. 35 at 4-7].

Contrary to the Plaintiffs' argument, the issuance of a declaratory judgment in this action would not completely resolve the entire underlying controversy between the parties. As the Magistrate Judge correctly opined:

> Defendant asserts product liability claims against the manufacturer of the TPO Membrane installed on the six buildings in the Puerto Rico action. A declaratory judgment issued by this Court addressing the rights and legal obligations of Defendant and Plaintiff North American Roofing under the terms of the warranties would not address these product liability claims. In fact, one of the defendants in the Puerto Rico action, Carlisle Syntec Incorporated, is not even a party to this action. . .

5

[Doc. 34 at 8]. Thus, regardless of the validity of the claims asserted in the Puerto Rico case, or the consideration of whether Carlisle Syntec is a proper party in the Puerto Rico case, this Court exercises its discretion to deny rendering a declaratory judgment. The United States District Court for the District of Puerto Rico will be able to competently determine whether the warranties limit the legal remedies sought by BPP, whether the warranties require that the entire case be transferred to this Court, and whether the parties and legal claims are valid in the Puerto Rico case. This objection, therefore, is overruled.

Second, the Plaintiffs assert that the Magistrate failed to consider the valid and enforceable forum selection clause within the warranties entered into between North American and BPP. [Doc. 35 at 7]. This clause stated that any litigation concerning the warranties would be litigated in either the Superior Court of Buncombe County or the United States District Court for the Western District of North Carolina. [Doc. 34 at 3]. The Plaintiffs maintain that the forum selection clause within the warranties "address[es] all disputes concerning conditions and required repairs, if any, to the roofs at issue." [Doc. 35 at 7-8].

6

Indeed, the Magistrate Judge specifically addressed and considered the forum selection clause within the warranties at issue in this case. [Doc. 34 at 3, 7]. Having done so he then stated:

> the United States District Court for the District of Puerto Rico is more than capable of determining for itself whether the warranties limit the legal remedies sought by Defendant and/or whether the warranties require that the entire case be transferred to this Court. The United States District Court for the District of Puerto Rico is also in the best situation to determine whether the breach of contract claim and tort claim asserted by Defendant against Plaintiff North American Roofing are subject to the limitations in the warranties and to determine the appropriate course of action.

[Doc. 34 at 7-8]. Additionally, the Magistrate Judge properly noted that the "timing of the lawsuit should generally be left to the injured party, not the potential tortfeasor." [Doc. 34 at 7 (citing <u>Coca-Cola Bottling</u>, 141 N.C. App. at 579, 541 S.E.2d at 164)]. The Court concurs with the Magistrate Judge's assessment, and accordingly this objection is also overruled.

Third, the Plaintiffs claim that the Magistrate improperly concluded that the Plaintiffs raced to the courthouse. [Doc. 35 at 10]. Although the Fourth Circuit has "recognized the 'first to file' rule of the Second Circuit, giving priority to the first suit absent showing of a balance of convenience in favor of the second," <u>Learning Network, Inc. v. Discovery Commc'ns, Inc.</u>,

11 F. App'x 297, 300-01 (4th Cir. 2001) (citations omitted), "[i]n some cases, there may come a point after which the potential lawsuit that may otherwise have given rise to a proper declaratory judgment action has become so certain or imminent, that the declaratory judgment action is merely an improper act of forum shopping, or a race to the courthouse." Id. at 301.

In recommending that this Court exercise its discretion regarding the granting of a declaratory judgment, the Magistrate Judge properly noted: "Plaintiffs *may not use* the North Carolina Declaratory Judgment Act as a means of racing Defendant to the courthouse of Plaintiffs' choosing." [Doc. 34 at 7 (emphasis added)]; see Coca-Cola Bottling, 141 N.C. App. at 579, 541 S.E.2d at 164; Poole v. Bahamas Sales Accoc. LLC, 209 N.C. App. 136, 142, 705 S.E.2d 13, 18 (2011); Klingspor Abrasives, Inc. v. Woolsey, No. 5:08CV-152, 2009 WL 2397088, *4 (W.D.N.C. Jul. 29, 2009) ("A declaratory suit . . . cannot be used to deprive . . . the natural plaintiff . . . the right to choose the time and forum to settle . . .[and] [s]uch suits will not be condoned."). Particularly, BPP did not fail to start litigation or delay the litigation process, as it filed suit the very day after the Plaintiffs filed this case. [Id.].[1]

---

[1] The Plaintiffs also argue that the forum selection clause in the warranties "demonstrates that the parties, together and for valuable consideration, chose the

The Plaintiffs claim that "the record is devoid of any evidence to suggest that the Puerto Rico action was imminent <u>before</u> it was actually filed. Though Plaintiffs acknowledge that Defendant had threatened a lawsuit for recovery of damages from full roof replacement in the unknown future, Plaintiffs were not required to sit on their hands and wait to be sued . . ." [Doc. 35 at 11]. This case is distinguishable, however, from <u>Learning Network, Inc.</u>, 11 F. App'x at 300, upon which the Plaintiffs rely, in which "only one party [was] running [in the race]."[2] Thus, the Magistrate Judge

---

appropriate forum for litigating their disputes long before the filing of any suit and thus, Defendant has no right to choose another forum now. Therefore, Defendant could not possibly be deprived of its right to choose a forum because a valid agreement already dictated where this matter would be litigated." [Doc. 35 at 10]. As stated previously, the United States District Court for the District of Puerto Rico will be able to assess the forum selection clause, rule as to whether or not it applies to all claims in this action, and transfer the case if necessary.

[2] BPP notes that "[o]n December 31, BPP's counsel sent a letter to counsel for North American, stating 'Should NAR fail to respond . . . within 10 business days from the date of this letter, BPP will immediately enforce all of its legal rights and remedies . . ..' (Dec. 31 Letter, Doc. 20-1, p. 29). [Doc. 36 at 9]. Although BPP did not file suit immediately after the ten day period as it awaited an inspection, [Doc. 36 at 9], the litigation was imminent in this case. This case contrasts <u>Learning Network</u> in which a letter was sent some time after [the other party's] action, "and neither threatened litigation nor threatened to take particular action if [the other party] failed to respond to the letter by a certain date." <u>Id.</u>, 11 F. App'x at 301-02. As the Magistrate Judge noted:

> in situations in which two suits involving overlapping issues are pending in separate jurisdictions, priority should not necessarily be given to a declaratory suit simply because it was filed earlier. Rather, if the plaintiff in the declaratory suit was on notice at the time of filing that the defendant was planning to file suit, a court should look beyond the filing

correctly recommended the exercise of this Court's discretion, since "[s]uch procedural fencing [as races to the courthouse] counsels against exercising jurisdiction over a declaratory judgment action." Id. at 301 (citing Myles Lumber Co. v. CAN Financial Corp., 233 F.3d 821, 824 (4ᵗʰ Cir. 2000); Centennial Life Ins. v. Poston, 88 F.3d 255, 257 (4ᵗʰ Cir. 1996); Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4ᵗʰ Cir. 1994)). The Plaintiffs' objection on this point is overruled.

Finally, the Plaintiffs contend that Carlisle is a beneficiary of the forum selection clause. [Doc. 35 at 11]. The Magistrate Judge noted that the warranties "may limit the legal remedies against Plaintiff North American Roofing," but "the same cannot be said as to Plaintiff Carlisle . . ." [Doc. 34 at 8]. The Court agrees. Carlisle is not a party to the warranties. While the Plaintiffs rely on cases to claim that forum selection clauses apply to non-parties if their conduct is "closely related" to the contract [Doc. 35 at 11], such cases are of no precedential value in this Court. In any event, this Court need not determine whether Carlisle is a third party beneficiary of the warranties because the United States District Court for the District of

---

dates to determine whether the declaratory suit is merely a
strategic maneuver to achieve a preferable forum.

[Doc. 34 at 6, quoting Coca-Cola Bottling, 141 N.C. App. at 579, 541 S.E.2d at 164 (citations omitted)].

Puerto Rico can make an appropriate judicial determination regarding this issue and regarding whether the case needs to be transferred.

## IV. CONCLUSION

Having conducted a *de novo* review of those portions of the Memorandum and Recommendation to which objections were filed, the Court concludes that the Magistrate Judge's proposed conclusions of law are supported by and are consistent with current case law. Thus, the Plaintiffs' Objections to the Memorandum and Recommendation are therefore overruled.

## O R D E R

**IT IS, THEREFORE ORDERED** that the Plaintiffs' Objections [Doc. 35] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 34] is **ACCEPTED**; and the Defendant's Motions to Dismiss [Docs. 5, 7] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, in the exercise of the Court's discretion, this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: March 18, 2014

Martin Reidinger
United States District Judge